[No. 6449.]

The J. D. Best Mercantile Company v. Brewer.

1. Appeal—Questions Not Considered Below—A question of fact not submitted to the jury in the court below, will not be considered on appeal.—(460)

2. ——Harmless Error—Where every question of fact upon which the defendant is entitled to be heard is submitted to the jury, error in requiring him to elect between several defenses, is harmless.—(461)

3. Contract by Correspondence—Construction—Plaintiff offered the defendant a carload of eggs at 19½c per doz. Defendant wired plaintiff, "Ship car May eggs Union Pacific, 19½." Plaintiff on the same day replied by wire as follows, "Offer accepted, price 19, track Abilene." Plaintiff having shipped the eggs and drawn for the price at 19½c per doz., and written defendant, insisting upon this as the agreed price, defendant telegraphed plaintiff to direct the railroad company to allow an inspection of the eggs. This being granted, and the inspection had, defendant rejected the eggs, solely upon the ground that they were not merchantable. Held, entirely clear upon this correspondence that defendant intended plaintiff to understand, and plaintiff did understand, that the eggs would be paid for at 19½c, if they were in fact May eggs.—(461)

4. Sale—Implied Warranty of Quality—There is no implied warrant of quality in the sale of perishable merchandise.—(462)

5. ——Purchaser's Refusal to Accept—Seller's Rights—Where the purchaser wrongfully refuses to accept the goods, and the title has not entirely passed, or where the buyer consents, the seller may take possession, and after notice of the buyer, sell them for the best price obtainable. In such case he recovers the difference between what he so receives and the agreed price, with interest.—(462, 463)

The seller's expenses in journeying from his home to the place of business of the purchaser, in order to dispose of the goods may, under some circumstances, be allowed.—(463)

*Error to Denver District Court*—Hon. George W. Allen, Judge.

Mr. T. M. Morrow for plaintiff in error.

Mr. Robert H. Kane for defendant in error.

Chief Justice Campbell delivered the opinion of the court:

This action by plaintiff Brewer against The J. D. Best Mercantile Company is to recover damages which plaintiff says he sustained by defendant's refusal to accept and pay for a car of eggs which he sold it, at the price of 19½ cents per dozen, delivered on car at Abilene, Kansas. The answer contains a general denial. There are also two alleged affirma-

tive defenses, the first, in addition to denials, being that the real contract of sale between the parties was a different one, and at a different price from that alleged in the complaint, and that the eggs were so defective and unsalable that the defendant refused to receive them at any price; the second, that the eggs purchased were to be May eggs at 19 cents per dozen, and that there was an implied warranty that they were such, and of good and merchantable quality; that they were not, and, for that reason, defendant rescinded the sale and refused to receive the eggs, and that the same were taken back by plaintiff, and the transaction, by agreement, rescinded. The trial was before a jury, and there was a judgment for plaintiff.

Plaintiff is a dealer in eggs at Abilene, Kansas. Defendant is engaged in the wholesale grocery and commission business in the city of Denver. The evidence is that a commission firm in Kansas City, or some officer of the Union Pacific Railway Company at Abilene, acting for plaintiff, made an offer in plaintiff's behalf to sell to defendant a carload of eggs at Abilene, Kansas, at the price of 19½ cents per dozen. In response to this offer, defendant wired plaintiff at Abilene as follows:

"Denver, Colorado, 12-7-04. J. E. Brewer, Abilene, Kansas. Ship car May eggs. Union Pacific. 19½. The J. D. Best Mercantile Co."
Upon receipt of the telegram, plaintiff wired defendant the following:

"Abilene, Kansas, December 7, 1904. J. D. Best & Co., Denver, Colorado. Offer received and accepted, understanding price is nineteen track Abilene. J. E. Brewer."

On the same day, plaintiff wrote defendant a letter, which it duly received, as follows:

"Abilene, Kansas, December 7, 1904. J. D.

Best & Co., Denver, Colorado. Gents: I will get the car of eggs out just as soon as the Union Pacific furnishes us with a refrigerator car, which I expect will be to-morrow. Yours truly, J. E. Brewer."
and says he mailed, on the same day, addressed to defendant, the following letter:

"Abilene, Kansas, December 7, 1904. J. D. Best Mercantile Co., Denver, Colorado. Gents: My message to you to-day sale of car of May eggs should read nineteen and one-half instead of nineteen, the nineteen cents price being an error in writing message. The price submitted by the Kansas City broker was nineteen and one-half, and your acceptance named nineteen and one-half, and my confirmation is based on nineteen and one-half instead of nineteen. Yours truly, J. E. Brewer."

This letter, defendant's manager testifies, was never received by it, but it was mailed in time to reach defendant in Denver before the car left Abilene. December 8th, plaintiff sent to defendant an invoice of the eggs, inclosing a sight draft for the purchase price, in which it was stated that the price was 19½ cents, instead of 19 cents per dozen. The car was shipped December 8th, and the invoice was received by defendant the 9th or 10th of December. On December 10th, defendant wrote plaintiff that there was an error in the invoice, and in the amount of the draft which accompanied the same in plaintiff's letter of the 9th, stating the price was to be 19 instead of 19½ cents a dozen, and requesting plaintiff to notify the bank to change the amount of the draft to correspond to the alleged agreement. Upon the receipt of this letter from defendant, plaintiff wrote the following:

"Abilene, Kansas, December 12, 1904. J. D. Best Mercantile Co., Denver, Colorado. Gents: Referring to your favor of recent date regarding

the price of car of eggs. The price is 19½ cents. An error was made in the message, and you understand thoroughly that the price is 19½ cents, which will have to go. Yours truly, J. E. Brewer.''

This letter was received by defendant company, and it sent, on December 12th, the following message:

''J. E. Brewer, Abilene, Kansas. Wire Railroad Company at once to allow inspection of eggs. The J. D. Best Mercantile Co.''

The right to inspect asked for was allowed by the plaintiff, and after it had been finished, defendant wired plaintiff this message: ''Denver, Colorado, December 12, 1904: J. E. Brewer, Abilene, Kansas. Eggs refused, quality not satisfactory. The J. D. Best Mercantile Co.,'' and wrote to plaintiff on the same day the following letter:

''Denver, Colorado, 12-12-1904. J. E. Brewer, Abilene, Kansas. Dear Sir: Enclosed find confirmation of wire sent you this afternoon. We examined seven cases out of the car. The shortage was as follows: 28, 16, 8, 17, 29, 46. Most of the shortage was due to old cracks. The loss from rots was very small, and the eggs must have been put in with these cracks in, as the fillers were mouldy. We feel that the loss we might sustain on eggs that run so unevenly would be too great for us to handle the car and make a profit. The bank has returned the draft this afternoon. Yours truly, The J. D. Best Mercantile Co., C. F. Best.''

In addition to the foregoing evidence, it appears that, after defendant refused to accept the eggs, plaintiff came from his home in Kansas to Denver to protect his rights. As defendant insisted that the eggs were not May eggs, and the price 19 cents a dozen, and plaintiff claimed that the eggs were May eggs and the price 19½ cents a dozen, no

settlement was reached. Plaintiff thereupon noti-
fied defendant that he would sell the eggs at the
best obtainable price in Denver, and hold it for the
difference between the amount so realized and the
contract price. Defendant offered no objection—in-
deed, acquiesced therein—and plaintiff proceeded
with the sale.

We think the court rightly instructed the jury,
as matter of law, from the foregoing correspond-
ence and other uncontradicted evidence, that there
was a sale by plaintiff to defendant of the carload
of eggs at 19½ cents a dozen. It is true that plain-
tiff's telegram to defendant of December 7—which
was ambiguous, in view of defendant's previous tel-
egram—stated that defendant's offer was received
and accepted, and the price was 19 cents a dozen
on the track at Abilene. This was clearly a mis-
take, as plaintiff afterwards wrote to the defend-
ant. This letter, however, defendant claims was
not received, and it is not to be considered in the
case, for the question of fact as to its receipt was
not submitted to the jury, the court instructing that
the writings and other evidence showed a contract
as alleged in the complaint.

We might well rest our decision on the fact, as
shown by the foregoing recital of the evidence, that
defendant intended by its first telegram to pay 19½
cents per dozen for the eggs, and thereby uncondi-
tionally accepted the previous offer submitted by
plaintiff's representative; and that, while plaintiff's
answering message, which was not essential to the
making of the contract was ambiguous, as men-
tioned, yet it was stated therein that defendant's
offer (at 19½ cents) was received and accepted.
Without prompt notice by defendant that it would
insist upon the lower price, knowing that plaintiff
was to ship the car, it ought not to be heard now with

its claim that the sale was made for a price different from the one which it had unconditionally quoted and plaintiff accepted. But we are not confronted with the necessity for so holding.

Whether, in the absence of the subsequent letters of defendant and its conduct, its first telegram and the immediate answer thereto by plaintiff and the previous offer of the Kansas City house, would, in law, give rise to a contract of sale, we need not determine, for it is entirely clear from such subsequent matters that defendant intended plaintiff to understand, and plaintiff did understand, that defendant would pay for the eggs at the rate of $19\frac{1}{2}$ cents a dozen if they were May eggs. This is evidenced by defendant's message asking plaintiff to instruct the railroad company to allow an inspection of the eggs, and in its subsequent letter, by which it claims that it attempted to rescind the contract, and refused to accept the eggs, not on account of the price stated in the complaint, but solely on the ground that they were not merchantable and not May eggs, as ordered.

Defendant complains of the ruling of the court, made after the evidence was all in, which compelled it to elect upon which of the alleged affirmative defenses of the answer it would rely. It elected to proceed with the second. It is not altogether clear from the abstract or from the briefs why the ruling was made. If it constitutes technical error, no prejudice resulted to defendant, for the court not only properly submitted to the jury every question of fact and every defense upon which defendant was entitled to be heard, but the supposed new matter set forth in this first defense could have been proved, and evidence thereof was received, under the general denial. The finding was for plaintiff on such issues.

We have examined both the instructions refused and those given, and find no prejudicial error of which defendant can complain. Defendant's position is not tenable, that there was an implied warranty of the quality of the eggs as sound and merchantable. There was certainly no express warranty. The general rule is, that there is no implied warranty of quality in the sale of perishable goods. The real controversy between the parties was concerning the kind of eggs shipped. The contract called for May eggs. Plaintiff said they were May eggs. Defendant said they were not. To this issue, the bulk of the evidence was directed. Both parties said May eggs had a well-defined meaning among the trade. Plaintiff's evidence tended to show that the eggs shipped came up to the trade standard of May eggs, while defendant's tended to show that they were below it. Such being the proofs, the court properly submitted the issue to the jury and instructed them that if the eggs shipped were not up to the standard of May eggs, or of that quality, as that term is used by the trade, plaintiff could not recover. In effect, the jury were told that there was an implied warranty that the eggs shipped were May eggs, and of that quality, and plaintiff could not recover unless they were, and that was all defendant could ask on this point.—35 Cyc. 393, 397, 403, 404.

Counsel for defendant cites a number of authorities on the appropriate measure of damages where a vendor sues a vendee who refuses to carry out a contract of sale. They may correctly apply the rule under their respective facts. The court properly instructed the jury here that there were several remedies open to plaintiff, and that, where a defendant wrongfully refuses to accept a consignment of goods which he has purchased, and where

the title has not entirely passed from the seller, or where the buyer wrongfully refuses to receive the goods and gives his consent thereto, the seller may, as he did here, take possession of the goods, and, after due notice to the buyer, sell them for the best obtainable price, and recover the difference, if any, between the amount so received and the contract price. This was proper under the evidence in this case, and the rights of defendant were sufficiently guarded and it certainly cannot complain of this instruction. — 35 Cyc. 520; *Magnes v. Sioux City N. & S. Co.*, 14 Col. App. 219.

It is denied that plaintiff's expenses incurred in coming from Kansas to Colorado to protect his rights under this contract, after receiving notice from defendant that it refused to receive the goods, is a proper element of damages to be recovered in this action. As to whether this is a proper element of damages, the authorities are not entirely harmonious. Whether the jury allowed this item, we are unable to determine. If it did, we ought not to set aside the verdict. The evidence might be of such a character as to make these expenses a proper element of damage as part of the legitimate costs of reselling, and we are not told wherein it is lacking in this particular. At all events, the court was more indulgent to defendant than the facts warrant, since it seems that, as an element of damage, an item equivalent to the legal rate of interest upon the amount wrongfully withheld was not assessed against it. This would be more than the expense account.

The court properly instructed the jury as to when, in a case of this sort, a defendant has the right to rescind, and the instructions upon all the issues of fact were sufficiently precise and compre-

hensive, and the jury found all questions in plaintiff's favor.

The judgment must be affirmed.    *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.